IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LUKE BRADLEY FRANCIS                                                                          PLAINTIFF

v.                                         Civil No. 2:22-CV-02144

PROSECUTING ATTORNEY                                                                       DEFENDANT
RINDA BAKER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* and *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is the matter of preservice screening pursuant to 28 U.S.C. § 1915.

### I.   BACKGROUND

Plaintiff filed his Complaint on August 30, 2022. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file an *in forma pauperis* ("IFP") application to correct deficiencies in his initial application. (ECF No. 4). Plaintiff subsequently filed a completed IFP application and was granted IFP status on September 28, 2022. (ECF Nos. 5, 6).

Plaintiff's Complaint arises from his arrest on November 29, 2020. Plaintiff alleges that he was arrested for saying "an articulated and well-deserved fuck you" to a law enforcement officer. (ECF No. 1 at 9). The Court takes judicial notice that this is the third case Plaintiff has filed in this District concerning the arrest, and the second time he has named Crawford County Prosecutor Rinda Baker as a Defendant. Plaintiff's first case, *Francis v. Eversole*, Case No.

1

2:20-cv-02220, was filed on December 3, 2020. In that case, Defendant Donald Eversole was identified as the Van Buren, Arkansas police officer who arrested Plaintiff. (Case No. 2:20-cv-02220, ECF No. 8). The case was stayed pursuant to the *Younger* doctrine on April 20, 2021. (Case No. 2:20-cv-02220, ECF No. 18). The underlying state criminal case is *State v. Luke Bradley Francis*, Circuit Court of Crawford County, Arkansas, Case No. 17CR-21-502. Plaintiff was charged with disorderly conduct.[1]

While Plaintiff's state criminal case was still pending, Plaintiff filed a second case in this District on April 26, 2022, *Francis v. Baker*, Case No. 2:22-cv-02070. In this second case, Plaintiff named Crawford County Prosecutor Rinda Baker as a Defendant. He also named Marc McCune, a Circuit Judge for the Twenty-First Judicial Circuit and based in Crawford County, the State of Arkansas in the care of Arkansas Attorney General Leslie Rutledge, and two additional City of Van Buren police officers. Plaintiff alleges these Defendants colluded to deprive him of his rights in the state criminal case. Prosecutor Rinda Baker, Judge Marc McCune, and the State of Arkansas through Leslie Rutledge were terminated as Defendants in the case based on either immunity from suit or sovereign immunity. The case was then stayed pursuant to the *Younger* doctrine.

On August 25, 2022, Plaintiff filed a Motion to Vacate Stay in *Francis v. Eversole*, Case No. 2:20-cv-02220. (Case No. 2:20-cv-02220, ECF No. 26). As grounds, Plaintiff stated that the prosecutor in his state criminal case, Rinda Baker, had filed a motion to *nolle prosequi* the case on August 24, 2022. (Case No. 2:20-cv-02220, ECF No. 26-1). Defendants filed a Response to Plaintiff's Motion indicating they had no objection to lifting the stay. They denied, however, that the state case was *nolle prossed* due to lack of probable cause. (Case No. 2:20-cv-02220, ECF No. 32). The Court entered an Order lifting the stay on September 12, 2022. (Case

---

[1] Available at Arkansas Court Connect. (Last accessed Sept. 29, 2022).

No. 2:20-cv-02220, ECF No. 38). The stay in his second case, now entitled *Francis v. McIntosh*, Case No. 2:22-cv-02070, was lifted on September 9, 2022. (Case No. 2:22-cv-02070, ECF No. 11).

Plaintiff filed this case against Crawford County Prosecutor Rinda Baker on August 30, 2022. (ECF No. 1). Plaintiff characterizes his Complaint against her as an "Action for Trespass: Claim for Deprivation of Rights under Colour of Authority." (*Id*. at 1). He brings this claim pursuant to § 1983, the First Amendment, Fifth Amendment, Fourteenth Amendment, and common law tort claims. (*Id*.). The crux of Plaintiff's Complaint is that Defendant Baker prosecuted him after his arrest "in an abusive process that lasted well over two years, causing irreparable harm to Plaintiff's career and resume." (*Id*. at 9). Plaintiff alleges Defendant Baker "chose to prosecute knowing the entire reason for the arrest and subsequent prosecution was based on retaliation to protected speech, with no other violation anywhere at any time." (*Id*. at 18). Plaintiff further alleges:

> Defendant fully admitted to having no probable cause by *Nolle Prosequui* yet Defendant let this process proceed for an extensive length of time that caused irreparable harm to Plaintiff's career. Defendant knew there was no probable cause on day one of the case, yet forced the case to proceed for over two years.

(*Id*. at 19). Plaintiff proceeds against Defendant Baker in her individual capacity. He seeks monetary damages and asks that Defendant Baker be permanently disbarred and prohibited from practicing law anywhere in the United States. (*Id*. at 22-23).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

3

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

As a prosecuting attorney, Defendant Baker is immune from suit.  A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation.  *Id*. at 428.  Immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the

4

performance of prosecutorial functions." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (cleaned up). The immunity extends to "a civil conspiracy charge when [the prosecutor's] alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (citation omitted).

Here, Plaintiff is attempting to sue Defendant Baker because she prosecuted him after his arrest. Defendant Baker's decision to prosecute a case is a key prosecutorial function which falls squarely under her role as an advocate for the state. As such, she enjoys absolute immunity for that decision. Plaintiff's allegation that her decision was incorrect, improperly motivated, unethical, or malicious cannot defeat that absolute immunity.

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE